IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YIMOE SIDDHA,

    Plaintiff,

v.

DONALD B. SEALING, II, CLERK OF COURT FOR CARROLL COUNTY, SCOTT A. POYER, CLERK OF COURT FOR ANNE ARUNDEL COUNTY, GREGORY HILTON, CLERK OF COURT FOR MARYLAND COURT OF SPECIAL APPEALS[1]

    Defendants.

Civil Action No. GLR-19-131

\*\*\*

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants Donald B. Sealing, II, Gregory Hilton, and Scott A. Poyer's Motion to Dismiss (ECF No. 12).[2] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion.

---

[1] The Clerk shall amend the docket to reflect the full name and title of Defendants Donald B. Sealing, II and Gregory Hilton consistent with this case caption. The Clerk shall also substitute Defendant Scott A. Poyer in place of "John and Jane Doe."

[2] Also pending before the Court are Plaintiff Yimoe Siddha's Motions for the Appointment of Counsel (ECF Nos. 11, 20). Because the Court will grant Defendants' Motion to Dismiss, these Motions will be denied as moot.

## I. BACKGROUND[3]

### A. Robbery Case in the Carroll County Circuit Court

On June 7, 2016, in the Circuit Court for Carroll County, Maryland, Plaintiff Yimoe Siddha pled guilty to armed robbery, first-degree assault, and use of a handgun in the commission of a crime of violence, for which an aggregate twenty-five-year sentence was imposed. See Maryland v. Siddha, No. 06-K-15-046821 (Cir .Ct. Carroll Cty. filed Nov. 5, 2015).[4] On March 2, 2018, Siddha filed a Motion to Correct Illegal Sentence, which the court denied on March 23, 2018.[5] (Mot. Dismiss Ex. 1 ["Carroll Cty. Ct. Docket"] at 3, ECF No. 12-3; see also Mot. Dismiss Ex. 2 ["Carroll Cty. Ct. Filings"] at 7, ECF No. 12-4).

On July 23, 2018, Siddha mailed a copy of a Petition for Post Conviction Relief to the Carroll County State's Attorney's Office, asserting ineffective assistance of counsel

---

[3] Unless otherwise noted, the Court takes the following facts from Siddha's Amended Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

[4] Attached to Defendants' Motion are court records from Siddha's various proceedings in the Circuit Court for Carroll County, the Maryland Court of Special Appeals, and the Circuit Court for Anne Arundel County. The general rule is that a court may not consider extrinsic evidence when resolving a Rule 12(b)(6) motion without converting it to a motion for summary judgment. Fed.R.Civ.P. 12(d); see also Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011). However, this general rule is subject to several exceptions. Of relevance here is the exception allowing the court to consider matters of public record, including state court records. Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009); see also Wittholn v. Fed. Ins. Co., 164 F.App'x 395, 397 (4th Cir. 2006) (per curiam) (concluding that state court records are public records of which a federal district court may take judicial notice).

[5] The order was signed on March 23, 2018 but was docketed on March 27, 2018. (Mot. Dismiss Ex. 2 ["Carroll Cty. Ct. Filings"] at 7, ECF No. 12-4).

and alleging that his guilty plea was not knowing and voluntary because he did not understand the nature and elements of the offenses. (Decl. Material Evid. Supp. Claim ["Am. Compl."] Ex. 1 at 19–25, ECF No. 15-1).[6] The State's Attorney's Office acknowledged receipt of the July 2018 petition but specifically informed Shidda via letter that the "July 26, 2018 date stamp was generated by [their] office Intake Unit upon receipt and does not confirm receipt of this petition by the Court." (Id. at 18). The docket does not indicate that the July 2018 petition was ever filed with the Carroll County Circuit Court. The docket does, however, indicate that on August 8, 2018 the State filed a response to the July 2018 petition; that same docket entry notes that the petition was "[n]ot [f]iled with Clerk's Office." (Carroll Cty. Ct. Docket at 2).

Siddha prepared another Petition for Post Conviction Relief, which is dated January 1, 2019. (Am. Compl. Ex. 1 at 9–17). The last docket entry is dated November 29, 2018, and the docket does not indicate that the January 2019 petition was ever filed with the court. (Carroll Cty. Ct. Docket at 2).

**B.**     **Appeal of Motion to Correct Illegal Sentence in the Court of Special Appeals**

On April 9, 2018, Siddha appealed the denial of his Motion to Correct Illegal Sentence to the Maryland Court of Special Appeals. (Carroll Cty. Ct. Docket at 3). Siddha's request for waiver of prepaid appellate costs was granted on April 10, 2018. (Mot. Dismiss Ex. 3 ["Md. Ct. Spec. App. Docket"] at 1, ECF No. 12-5). Siddha filed a correspondence requesting appointment of counsel. (Id.). Defendant Gregory Hilton, acting in his capacity

---

[6] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files ("CM/ECF") system.

3

as Clerk of the Court of Special Appeals, informed Siddha via letter that he nor the court had the authority to appoint counsel to represent Siddha. (Mot. Dismiss Ex. 4 ["Md. Ct. Spec. App. Filings"] at 6, ECF No. 12-6). On June 4, 2018, the record on appeal was received and docketed. (Md. Ct. Spec. App. Docket at 1).

One day after the appeal was docketed, on June 5, 2018, Hilton issued a "Session Briefing Notice" (the "Briefing Notice") directing Siddha to file his brief "on or before July 16, 2018" and further advising the parties that, among other things, the appeal had been set for argument in the March 2019 session. (Md. Ct. Spec. App. Filings at 7). A docket entry notes that a "[c]opy [of the Notice was] mailed to appellant [Siddha]." (Special Appeals Ct. Docket at 1). However, the Maryland Correctional Training Center ("MCTC") legal mail log does not identify this Notice among the mail Siddha received between March 31, 2017 and September 2018. (Am. Compl. Ex. 1 at 3).

On June 25, 2018, the court issued an order giving Siddha thirty days to "show cause in writing why the appeal should not be dismissed" for failure to transmit a transcript with the Carroll County Circuit Court record. (Md. Ct. Spec. App. Filings at 9). Again, MCTC's legal mail log does not identify this order among the mail Siddha received between March 31, 2017 and September 2018. (Am. Compl. Ex. 1 at 3).

On September 4, 2018, the State moved to dismiss the appeal for Siddha's "failure to file a brief and any relevant transcripts." (Md. Ct. Spec. App. Filings at 10). On September 20, 2018, Siddha responded, asserting that he was unaware of the July 16, 2018 briefing deadline because he had not received the Briefing Notice, and that a transcript was not included with the record because there was no hearing on his motion in the Carroll

4

County Circuit Court. (Id. at 15–17). That same day the appeal was dismissed pursuant to Md. Rule 8-602(c)(5) for Siddha's failure to file briefs. (Id. at 18).

On October 4, 2018, the court received a document from Siddha addressed to the Chief Judge of the Maryland Court of Special Appeals and captioned "Request for Supervised Filing," asking the Chief Judge to supervise the filing of the enclosed court papers and alleging the Clerk's "non-compliance with the law (Rule 18-201.1) and the destruction of the right to be heard per legem terrer: Maryland Rule 18-202.6." (Id. at 19). Siddha's request included a prior affidavit, albeit newly dated, (id. at 25–27), and another affidavit in which he further explained that he did not receive a copy of the Briefing Notice from the clerk—a fact which he asserted was evidenced by the absence of any related contemporaneous entry in his legal mail log, (id. at 20–24). Siddha's Request for Supervised Filing also included a brief addressing the merits of his appeal. (Id. at 28–36).

On October 23, 2018, the Chief Judge declined to reinstate the appeal and denied Siddha's Request for Supervised Filing. (Id. at 37). On November 15, 2018, the court issued a mandate entering its September 20, 2018 dismissal as its final judgment; Hilton signed the mandate. (Id. at 38).

**C.     Lawsuit Against Hilton in Anne Arundel County Circuit Court**

On January 8, 2019, Siddha initiated a civil action against Hilton in the Circuit Court of Anne Arundel County, Maryland by filing a Request for Waiver of Prepayment Filing Fees and a proposed complaint. (Mot. Dismiss Ex. 5 ["Anne Arundel Cty. Ct. Docket"] at 1, ECF No. 12-7); see also Mot. Dismiss Ex. 6 ["Anne Arundel Cty. Ct. Filings"] at 1–4, ECF No. 12-8). The complaint alleged that Hilton "by artifice and willful neglect denied

5

[him] access to court" by failing to provide Siddha the Briefing Notice in violation of Maryland statutes and 42 U.S.C. § 1983. (Anne Arundel Cty. Ct. Filings 2–4).

On January 11, 2019, the court issued an order denying the fee waiver request, identifying deficiencies with the request, and providing Siddha thirty days to cure those deficiencies or risk dismissal of his case. (Id. at 8; see also Anne Arundel Cty. Ct. Docket at 1). On January 25, 2019, Siddha wrote a letter to Defendant Scott A. Poyer, the Clerk of the Circuit Court for Anne Arundel County, Maryland. (Anne Arundel Cty. Ct. Filings 9). In the letter, Siddha complained that his case against Hilton had not received a case number and that the court had neither "screened the complaint" nor granted his request to proceed in forma pauperis. (Id.). Siddha attached a copy of what he identified as his "federal filing" and requested a copy of the "case history" and a file-stamped copy of the initial filing. (Id.).

On February 4, 2019, the court again denied Siddha's fee waiver request and advised him that he must "pay the required filing fees within ten (10) days . . . or the case shall be dismissed." (Id. at 15). On February 26, 2019, Siddha advised the court that he would "decline to pay any moot filing fee." (Id. at 17). The court advised Siddha on February 28, 2019 that "the case remains dismissed for failure to pay filing fees." (Id. at 18). According to the docket, there have been no further filings and the case is closed. (Anne Arundel Cty. Ct. Docket at 1).

On January 11, 2019, Siddha, proceeding pro se, sued Defendants for denying his access to the courts. (ECF No. 1). Although he named all Defendants in the case caption, Siddha's Statement of Claim only alleged that "Hilton sabotaged the appeal through

6

refusing to notify [him] of a 'Briefing Notice.'" (Compl. at 3).[7] Siddha seeks compensatory and punitive damages. (Id. at 4). On April 18, 2019, Siddha filed a "Declaration of Material Evidence in Support to Claim," which the Court construes as an Amended Complaint. (ECF No. 15). In the Amended Complaint, Siddha elaborated upon his allegations against Hilton; asserted that Poyer "was responsible for the disappearance" of the case he filed against Hilton in the Anne Arundel Circuit Court; and alleged that Defendant Donald B. Sealing, II, Clerk of Court for Carroll County Circuit Court, was a conspirator, who failed to file his petition for post-conviction relief. (Am. Compl. at 2–3).

On April 15, 2019, Defendants filed a Motion to Dismiss, asserting that they were entitled to Eleventh Amendment immunity and alleging that the Complaint failed to state a claim under Rule 12(b)(6). (ECF No. 12). Siddha filed an Opposition to the Motion to Dismiss on April 26, 2019. (ECF No. 16). Defendants filed a Reply on May 8, 2019. (ECF No. 18).

## II. DISCUSSION

### A. Subject Matter Jurisdiction under Rule 12(b)(1)

#### 1. Standard of Review

Defendants' assertion of Eleventh Amendment immunity challenges the Court's ability to exercise its Article III powers and, as such, is governed by Federal Rule of Civil Procedure 12(b)(1).[8] Beckham v. Nat'l R.R. Passenger Corp., 569 F.Supp.2d 542, 547

---

[7] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files ("CM/ECF") system.

[8] The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or

7

(D.Md. 2008). A defendant challenging subject matter jurisdiction under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (alteration in original) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)).

When a defendant raises a facial challenge, the Court affords the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the facts alleged in the complaint as true and denies the motion if the complaint alleges sufficient facts to invoke subject matter jurisdiction.

With a factual challenge, the plaintiff bears the burden of proving the facts supporting subject matter jurisdiction by a preponderance of the evidence. U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). In determining whether the plaintiff has met this burden, the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co.

---

equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. Notwithstanding the Eleventh Amendment's explicit mention of only "Citizens of another State," the Supreme Court of the United States has construed the Eleventh Amendment as also protecting states from federal court suits brought by the state's own citizens. Id.; Lee-Thomas v. Prince George's Cty. Pub. Sch., 666 F.3d 244, 248 (4th Cir. 2012) (quoting Port Auth. Trans–Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990)).

8

v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams, 697 F.2d at 1219). Nevertheless, the Court applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. (citing Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987)). The movant "should prevail only if the material jurisdictional facts are not in dispute and the [movant] is entitled to prevail as a matter of law." Id. (citing Trentacosta, 813 F.2d at 1558). Unlike under the summary judgment standard, however, the Court is permitted to decide disputed issues of fact, Kerns, 585 F.3d at 192, and weigh the evidence, Adams, 697 F.2d at 1219.

### 2. Analysis

Defendants contend that they are entitled to Eleventh Amendment immunity because they are State clerks of court who have been sued in their official capacities. In his Opposition, Siddha alleges that the claim against Sealing "may fairly be construed as in his individual capacity" and that Sealing is not entitled to immunity under McCray v. Maryland, 456 F.2d 1 (4th Cir. 1972). (Pl.'s Resp. Mot. Dismiss ["Pl.'s Opp'n"] at 1, ECF No. 16).

As a preliminary matter, the Court notes that Siddha's Opposition fails to address the sum and substance of Defendants' Motion regarding Eleventh Amendment immunity and the sufficiency of Siddha's claims. Siddha merely reiterates his unsubstantiated assertion that Hilton denied him access to the courts by "deliberately cho[osing] to mail the briefing notice to some remote location . . . to orchestrate grounds for dismissal of the appeal." (Pl.'s Opp'n at 2). As to Poyer, Siddha realleges the basic allegation in his

Amended Complaint: Poyer "refused to file" the case against Hilton. (Id. at 3). However, Siddha's Opposition as to these Defendants is inadequate, as it is "entirely conclusory, and contain[s] no specific arguments addressing the defendant[s'] points," thereby warranting dismissal of those claims. See Ferdinand-Davenport v. Children's Guild, 742 F.Supp.2d 772, 783 (D.Md. 2010) (finding a plaintiff's failure to address arguments in a defendant's motion to dismiss a particular claim constitutes an abandonment of the claim); see also Hardaway v. Equity Residential Mgmt., LLC, No. DKC 13-0149, 2016 WL 3957648, at *6 (D.Md. July 22, 2016) (reiterating that the court may treat a defendant's arguments as uncontested and dismiss the complaint when the plaintiff simply "repeat[s] many of the same conclusory allegations in their opposition brief that appeared in the . . . amended complaint"). Accordingly, the Court dismisses Sidhha's claims against Hilton and Poyer[9].

Siddha's Opposition does, however, attempt to rebut Sealing's claim of immunity. Unfortunately, Siddha's argument misses the mark. Sealing asserted immunity under the Eleventh Amendment, which protects the state from suit in federal court by private individuals unless the state has consented to suit, or Congress has lawfully abrogated the state's Eleventh Amendment immunity. See Ballenger v. Owens, 352 F.3d 842, 844–45 (4th Cir. 2003). The state's immunity extends to "state agents and instrumentalities." Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997)). Similarly, state officials

---

[9] In any event, it is clear that Poyer did not deny Siddha access to the courts by dismissing or otherwise closing a case in which Siddha refused to file the required filing fee. See Rembold v. Lettau, No. ELH-19-16, 2019 WL 5423304, at *8 (D.Md. Oct. 23, 2019) (dismissing § 1983 claim against a circuit court clerk where the plaintiff was denied a fee waiver and refused to pay the filing fee).

sued in their official capacity are entitled to Eleventh Amendment immunity, because "'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.'" Lytle v. Griffith, 240 F.3d 404, 408 (4th Cir. 2001) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). Eleventh Amendment immunity also shields the state, its agencies, and instrumentalities from § 1983 claims because they are not "persons" as the term is used in the statute. Dukes v. Maryland, No. CCB-11-876, 2011 WL 4500885, at *5 (D.Md. Sept. 27, 2011).

Siddha cites McCray in support of his argument that Sealing is not entitled to immunity. However, McCray examined quasi-judicial immunity—not Eleventh Amendment immunity. Quasi-judicial immunity "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." Williams v. Hanlon, No. RDB-19-550, 2019 WL 1597320, at *4 (D.Md. Apr. 15, 2019), appeal dismissed, No. 19-6517, 2019 WL 5207911 (4th Cir. June 18, 2019) (internal quotations and citations omitted). In McCray, the United States Court of Appeals for the Fourth Circuit held that court clerks are not entitled to quasi-judicial immunity from § 1983 claims "for failure to perform a required ministerial act such as properly filing papers," because filing papers is a mandatory job function, devoid of discretion. 456 F.2d at 4. McCray's holding would undoubtedly undermine Sealing's claim of quasi-judicial immunity—had he raised that argument. Accordingly, Siddha's reliance upon McCray is misplaced.[10]

---

[10] Moreover, to the extent that Siddha relies upon McCray's holding that a denial of access claim under § 1983 may be premised on negligence, that holding was subsequently

11

Sealing, as the Clerk of the Carroll County Circuit Court, is a state official under Maryland law and is immune from suit under § 1983. See Panowicz v. Hancock, No. DKC 11-2417, 2012 WL 4049358, at *7 (D.Md. Sept. 12, 2012) (concluding that circuit clerk courts are state officials not subject to suit under § 1983 given that "a judgment against [d]efendant would likely be paid from the state treasury, that her position is created by the state constitution, and that her duties are defined by statute"). Accordingly, Sealing is also entitled to Eleventh Amendment immunity as a state official who has been sued in his official capacity.

Because Siddha purports to sue Sealing in his individual capacity, the Court will examine the sufficiency of that claim.[11]

## B.  Sufficiency of Allegations under Rule 12(b)(6)

### 1.  Standard of Review

The purpose of a Rule 12(b)(6) motion is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is

---

overturned by Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995) (concluding that McCray is inconsistent with the Supreme Court's subsequent decision in Daniels v. Williams, 474 U.S. 327 (1986), to the extent that it "authorizes a cause of action for merely negligent conduct that impacts access to the courts").

[11] The Court declines to consider claims against either Poyer or Hilton in their individual capacities, as Siddha conspicuously omitted references to personal capacity suits against either Defendant.

12

entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

When, as here, the plaintiff is proceeding pro se, the Court will liberally construe the pleadings, which are held to a less stringent standard than pleadings drafted by lawyers. Erickson, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976));

13

accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). But even a pro se complaint must be dismissed if it does not allege "a plausible claim for relief." Forquer v. Schlee, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted).

### 2. Analysis

Prisoners have a constitutionally protected right of access to the courts, whereby they may challenge their sentence or condition of confinement. Bounds v. Smith, 430 U.S. 817, 821 (1977); see also Lewis v. Casey, 518 U.S. 343, 355 (1996). In Christopher v. Harbury, 536 U.S. 403, 413–15 (2002), the United States Supreme Court characterized access-to-the-courts claims as being in one of two categories. The first, termed "forward looking claims," are cases where official action frustrates a plaintiff's ability to bring a suit at the present time. Jennings v. City of Stillwater, 383 F.3d 1199, 1208–09 (10th Cir. 2004). The second class, termed "backward looking claims," arise when a Plaintiff alleges that a specific claim "cannot be tried (or tried with all the evidence) [because past official action] caused the loss or inadequate settlement of a meritorious case." Id. at 1209. In this way, the official action is said to have "'rendered hollow [the plaintiff's] right to seek redress'" in the courts. Id. (quoting Christopher, 536 U.S. at 415 (brackets in original) (internal citations omitted)). Whether the claim is forward or backward looking, a prisoner claiming he was denied access to the courts must ultimately prove he suffered actual injury by showing that the defendant's acts hindered his ability to pursue a non-frivolous legal claim;

14

conclusory allegations are insufficient. See Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (en banc) (requiring a prisoner claiming a denial of the right of access to the courts to make specific allegations and identify actual injury resulting from officials' conduct).

Denial of access claims may be brought under § 1983. Stephens v. Muncy, 1991 WL 18532, at *1 n.1 (4th Cir. 1991). To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." Borkowski v. Balt. Cty., 414 F.Supp.3d 788, 808 (D.Md. 2019) (citing West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, a plaintiff must allege "personal fault based upon a defendant's own conduct." Id. (citing Bost v. Wexford Health Sources, Inc., No. 15-cv-3278-ELH, 2018 WL 3539819, at *19 (D.Md. July 23, 2018)).

Applying this framework, it is clear that the claims against Sealing in his individual capacity are insufficient to state a claim for denial of access under § 1983. First, the Amended Complaint baldly asserts that Sealing "also chose to deny [him] 'Access to the Court,' when he set in motion to break the law by throwing [his] Petition for Post-Conviction Relief in File (13) which is short for trashcan." (Am. Compl. at 3). As previously noted, Siddha allegedly filed two petitions for post-conviction relief, one in July 2018 and another in Janaury 2019. However, Siddha does not even specify which of the two petitions Sealing allegedly failed to file. Siddha nonetheless concludes that "all Defendants . . . took the action with the malicious intention to cause a deprivation of [his] constitutional and statutory rights." (Id.). Conclusory allegations of this sort utterly fail to

15

state a claim for denial of access to the courts. Richardson v. Boyd, No. GLR-13-2721, 2013 WL 5530672, at *1 (D.Md. Oct. 3, 2013) (dismissing sua sponte a denial of access claim under § 1983 where plaintiff provided "no facts or evidence to support the conclusory assertions" that he was unable to appeal his case or mount an effective defense).

Second, a plaintiff must establish "actual injury" to his or her ability to challenge a sentence or condition of confinement, i.e., that a "nonfrivolous post-conviction or civil rights legal claim has been "frustrated" or "impeded." Cooper v. Sowers, No. JFM-13-3872, 2015 WL 5198131, at *19 (D.Md. Sept. 4, 2015) (internal quotations and citations omitted). Here, Siddha's July 2018 and January 2019 petitions for post-conviction relief appear to be "nonfrivolous" attempts to challenge the sentence he received in his Carroll County robbery case. However, the Amended Complaint fails to allege how, if at all, Siddha was actually injured by Sealing's alleged failure to file one or both petitions.[12] For example, Siddha has not alleged that his petitions are now time-barred or rendered moot by disadvantageous changes in caselaw that would have been inapplicable had his petitions been timely filed.

---

[12] For the first time in his Opposition, Siddha argues that he brings this action for "alleged systemic violations of his First Amendment rights, rather than for mental or emotional injury." (Pl.'s Opp'n at 2). Siddha cites several cases and appears to argue that because he has alleged a violation of his First Amendment right, he is not obligated to prove injury. The Court declines to consider this argument, as it was raised for the first time in a responsive pleading. Hurst v. District of Columbia, 681 F.App'x 186, 194 (4th Cir. 2017) (reiterating that "a plaintiff may not amend [a] complaint via briefing"). Moreover, the allegations in the Amended Complaint do not support a First Amendment violation.

Third, Siddha has failed to allege sufficient facts establishing that Sealing was personally involved in the alleged failure to file—a requirement that is separate and apart from those governing denial of access claims. "Section 1983 requires a showing of personal fault, whether based upon the defendant's own conduct or another's conduct in executing the defendant's policies or customs." Enow v. Baucom, No. PWG-16-4042, 2018 WL 925422, at *3 (D.Md. Feb. 16, 2018); see also Coakley v. Welch, 877 F.2d 304, 306 (4th Cir. 1989) (noting that "a claim of lack of personal involvement is a merits defense in a § 1983 action"); Vennedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (explaining that in order for an individual defendant to be liable under § 1983 it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs rights").

Here, the Amended Complaint makes a conclusory assertion that Sealing is responsible for failing to file one or both of the petitions, but Siddha offers no evidence suggesting that Sealing was personally involved in the alleged misconduct. To that point, none of the court records attached to the parties' filings contain Sealing's name or signature, refer to him in either his personal or professional capacity, or otherwise identify him as the person who handled any aspect of Siddha's Carroll County case. Moreover, Siddha's Amended Complaint fails to even identify Sealing as the Clerk of the Carroll County Circuit Court at the time he filed one or both petitions. Nothing in the record indicates that Sealing was personally involved in depriving Siddha of his right to access the courts. At bottom, Siddha has failed to state a claim against Sealing in his individual capacity for denial of access to the courts under § 1983.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 12) is GRANTED. Siddha's Motions for the Appointment of Counsel (ECF Nos. 11, 20) are denied as MOOT. A separate order follows.

Entered this 30th day of March, 2020.

/s/
George L. Russell, III
United States District Court